### Abstract of the Decision.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 29*—*what does not constitute discontinuance of entire action.* The dismissal of an action in assumpsit as against one of two defendants sued jointly, because of lack of evidence to support a judgment against such defendant, *held* not a discontinuance of the entire action, the plaintiff having a right to amend his declaration and to state a cause of action and proceed against the other defendant.

---

### Fred Morrison, Appellee, v. J. Ed. Dazey and W. J. Elzy, Appellees. First National Bank of Findlay, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Suit for an accounting by Fred Morrison, complainant, against J. Ed. Dazey, W. J. Elzy, and the First National Bank of Findlay, defendants. From a decree in favor of complainant, the defendant bank appeals.

The decree found that $2,535.35 was due the complainant on a note dated October 15, 1910, executed by W. J. Elzy to the complainant in payment for steers sold by the complainant to Elzy, the note being secured by a chattel mortgage on the steers. The steers were later sold and the proceeds of the sales deposited in the defendant's bank. On a former appeal, 190 Ill. App. 374, the case was reversed and remanded to the trial court with instructions to state an account as to the amount due and unpaid on the note, and to render a decree for the balance due to be paid by the defendant bank out of the proceeds of the sale of the steers.

Whitaker, Ward & Pugh, for appellant.

Chafee, Chew & Baker, Brown & Burnside and George B. Rhoads, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. Evidence, § 469*—*what weight given to.* Testimony as to the particular words used in a conversation which occurred long prior to the trial should be received with great caution.

2. Account, § 35*—*when burden of proof on defendant.* In an action for an accounting against the maker of a promissory note secured by a chattel mortgage to the plaintiff and a bank, in which the proceeds of the sale of the mortgaged property had been deposited to the credit of the mortgagor, *held* that the burden of proving the bank's contention that the note had been fully paid was upon it.

3. Account, § 35*—*when evidence sufficient to sustain decree.* In a suit for an accounting of the amount due on a promissory note, evidence *held* to support a decree rendered in favor of the complainant.

---

## The People of the State of Illinois, Defendant in Error, v. Henry Ermovich, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Christian county; the Hon. C. A. Prater, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Henry Ermovich, defendant, for illegal sale of intoxicating liquor in anti-saloon terri-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.